985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
CHARLES DAVID WALDEN Defendant-Appellant.
 No. 92-5625.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Charles David Walden, a federal prisoner, appeals a district court judgment of conviction on two counts of bank robbery and two counts of using a firearm during a violent crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2113(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument.
 
 
 3
 Walden was indicted in May 1991 for bank robberies which took place on April 8 and April 30, 1991. Prior to his trial, the district court denied his motion to sever the counts so that he could be tried separately for each robbery. Walden also moved to suppress eyewitness identification evidence on the ground that it was based upon highly suggestive photographic lineups. The district court denied this motion following a hearing. A jury subsequently found Walden guilty of all counts. Walden was sentenced on April 23, 1992 to a total of 595 months imprisonment and 3 years supervised release. In addition, he was ordered to pay restitution in the amount of $59,854.80.
 
 
 4
 On appeal, Walden argues that the district court erred in: (1) denying his motion to suppress eyewitness identifications based upon overly suggestive photographic arrays, and (2) denying his motion to sever the counts.
 
 
 5
 Upon careful review, we affirm the district court's judgment because the photographic arrays were not impermissibly suggestive and the district court did not abuse its discretion in denying Walden's motion to sever the counts.
 
 
 6
 The Supreme Court has recognized an accused's due process right to fair and not unduly suggestive identification procedures. See Stovall v. Denno, 388 U.S. 293, 301-02 (1967). However, a conviction based upon eyewitness identification at trial following pretrial identification by photographic array will be set aside on that ground "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). See also United States v. Tyler, 714 F.2d 664, 667 (6th Cir.1983). A two-prong test is used. First, the defendant must establish that the identification procedure was impermissibly suggestive. Only then does the court determine the reliability of the in-court identification under the totality of the circumstances. See Neil v. Biggers, 409 U.S. 188, 199 (1972); United States v. Hill, 967 F.2d 226, 230 (6th Cir.), cert. denied, 113 S.Ct. 438 (1992).
 
 
 7
 In this case, it is unnecessary to reach the second prong of the test because the arrays were not impermissibly suggestive. Walden argues that the first display was impermissibly suggestive because the photos were police "mug shots" with the date imprinted, and Walden's was the most recent. After examining the arrays at the suppression hearing, the district judge found nothing in the first photo spread which would indicate to him who the defendant was. We agree that this photo spread meets the requirement that the photos must be "substantially similar in size, shape, and pose." Tyler, 714 F.2d at 666. In addition, the individuals all match the description of the robber given by the eyewitnesses. Although mug shots are not favored in such line-ups because of the implication of criminal activity, see United States v. McCoy, 848 F.2d 743, 746 (6th Cir.1988); Eberhardt v. Bordenkircher, 605 F.2d 275, 280 (6th Cir.1979), any error for this reason was harmless because of the positive identifications from the second photographic array and the physical line-up, admission of bank surveillance videotapes, and testimony by Walden's wife regarding illegal activities. See McCoy, 848 F.2d at 746.
 
 
 8
 Walden objected to the second photographic line-up on the ground that his picture was the largest and had the darkest background. Again, the district court could find nothing suggestive in the photographic line-up and we agree. Contrary to Walden's assertion, his was not the only photograph of its size. The photographs included two small, two medium-sized, and two (including Walden's) that filled the frame. Again, however, the physical features were similar.
 
 
 9
 Even if we were to find that one or both of the arrays was impermissibly suggestive, the identifications were reliable under the totality of the circumstances. See Biggers, 409 U.S. at 199-200; Hill, 967 F.2d at 230. Thus, the district court did not err in denying Walden's motion to suppress.
 
 
 10
 The district court did not abuse its discretion in denying Walden's motion to sever the counts for trial. See McCoy, 848 F.2d at 744. Under Fed.R.Crim.P. 8(a), two or more offenses may be charged in the same indictment if they are of the same or similar character. In this case, the counts were properly joined because of the similarities between the two robberies. The dissimilarities cited by Walden are not so great that the charges must be brought in separate indictments. See United States v. L'Allier, 838 F.2d 234, 240-41 (7th Cir.1988).
 
 
 11
 The defendant may move to sever the counts, pursuant to Fed.R.Crim.P. 14, but he has the burden of establishing prejudice if the counts remain joined for trial. Id. In a case such as this, where the defendant seeks severance because he wishes to testify on one count but not the other, he must demonstrate that he had both important testimony to give concerning one count and a strong need to refrain from testifying in the other. See United States v. Benz, 740 F.2d 903, 911 (11th Cir.1984), cert. denied, 474 U.S. 817 (1985).
 
 
 12
 Walden does not meet this burden. His motion to sever only generally alleged prejudice from the inability to testify as to one count and not the other. Although Walden acknowledges on appeal that "general allegations of prejudice are insufficient reasons to sever counts in a trial, and a greater chance of acquittal has been held to not be sufficient reason for severance," he offers no specifics. Walden did testify and cites no prejudice to his defense from his testimony. For these reasons, the district court did not abuse its discretion in denying Walden's motion to sever.
 
 
 13
 Accordingly, we affirm the district court's judgment, entered May 6, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation